## Richmond

WILLIAM S. CUDLIPP, JR., ET AL., ETC. V. CITY OF RICHMOND.

April 26, 1971.

Record No. 7384.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Samuel W. Hixon, III (George R. Humrickhouse; Williams, Mullen & Christian,* on brief), for plaintiffs in error.

*William L. Wimbish, Assistant City Attorney for the City of Richmond,* for defendant in error.

Per Curiam.

William S. Cudlipp, Jr. and others, as Trustees of the Protestant Episcopal Diocese of Virginia, held title to certain real property in the City of Richmond which they acquired in 1966 and thereafter provided as a residence for the Bishop Coadjutor of the Diocese.

For the year 1967 the city assessed the property for taxation and levied thereon a tax of $920 which remains unpaid. The Trustees filed their application in the trial court for relief from this tax and therein prayed that the property be declared tax exempt under the provisions of Sec. 183(b) of the Constitution of Virginia and § 58-12(2) of the Code.[1] From the court's judgment order entered on

---

[1] "Sec. 183. *Property exempt from taxation.*—Unless otherwise provided in this Constitution, the following property and no other shall be exempt from taxation, State and local, including inheritance taxes:

* * *

July 29, 1969 denying them relief we granted the Trustees a writ of error.

The court, in its opinon, held that the term "the minister" found in the cited sections of the Constitution and Code limited the exemption to property used as a residence by but "one minister per church or religious body". The court concluded that the Diocese was a "religious body" of which the Bishop, and not the Bishop Coadjutor, was "the minister" whose residence, if owned by the Diocese, was tax exempt.

We have consistently held that the exemption provisions of Sec. 183 of the Constitution and § 58-12 of the Code are to be liberally construed, our views having been most recently restated in *Washington County* v. *Sullins College Corporation*, 211 Va. 591, 179 S. E. 2d 630 (1971).

The trial court followed this liberal rule of construction in holding that the Diocese of Virginia is a religious body of which the Bishop Coadjutor is a minister. In declining, however, to construe the tax exemption as extending to the residence owned by the Diocese and provided for him we believe the court was unduly restrictive.

It is by no means clear that it was the intent of the constitutional revisors of 1902 and of the General Assembly to restrict the tax exemption to the residence of only one minister for each church or religious body. Indeed, the record shows that the City of Richmond has invariably extended the exemption to church-owned residences of assistant ministers of local churches, thus indicating by administrative practice some uncertainty at least as to the meaning of the constitutional and statutory provisions.

Moreover, the record reveals that, while he is subordinate to the Bishop who is the ecclesiastical head of his Diocese, for certain purposes the Bishop Coadjutor may be considered "the minister" of the Diocese. He has "full authority" over all missionary and aided churches in the Diocese "[s]o that technically the Coadjutor is the Bishop over any church that is an aided church . . .". In his area of responsibility he is "the final authority".

We conclude that the Diocese-owned residence of the Bishop

"(b) Buildings . . . lawfully owned and held by churches or religious bodies, and . . . used for . . . the residence of the minister of any such church or religious body . . . ."

(The language of paragraph (b) above, without significant change, is also found in paragraph (2) of the Code § 58-12 listing property exempt from State and local taxation.)

Coadjutor comes within the provisions of Sec. 183 (b) of the Constitution and § 58-12 (2) of the Code and is exempt from real estate taxes levied by the City of Richmond.

*Reversed and final judgment.*